983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. TILMANN and Josephine Tilmann, Defendants-Appellants.
 Nos. 92-1661, 92-1662.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, LIVELY Senior Circuit Judge
 PER CURIAM:
 
 
 1
 Michael and Josephine Tilmann appeal their convictions and sentences entered pursuant to their pleas of guilty to income tax evasion. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 This case arises from appellants' pleas of guilty to tax evasion. From 1985 through 1988, Appellants Michael D. Tilmann and Josephine Tilmann claimed that various personal expenditures were in fact business expenses stemming from Mr. Tilmann's dental practice. Mrs. Tilmann was the bookkeeper for the dental practice.
 
 
 3
 On January 31, 1992, the Tilmanns pled guilty to two parts each of a four-count information charging them with tax evasion, in violation of 26 U.S.C. § 7201. The information was based upon the overstatement of business expenses in tax returns filed from 1985 through 1988. Mr. Tilmann pled guilty to counts one and three, which corresponded to the joint income tax returns filed for the tax years 1985 and 1987. Mrs. Tilmann pled guilty to counts two and four, which corresponded to the joint income tax returns filed from the tax years of 1986 and 1988.
 
 
 4
 The district court sentenced both of the Tilmanns to imprisonment and fines. Mr. Tilmann was sentenced to concurrent terms of imprisonment of ten (10) months. Mrs. Tilmann was sentenced to concurrent terms of imprisonment of six (6) months. In addition, the court fined each appellant $34,915 and ordered them to make restitution, jointly and severally, of $115,085. Each of the Tilmann's filed a timely notice of appeal.
 
 II.
 A.
 
 5
 Appellants contest the amount of fines imposed by the district court, claiming that the fines violate their Rule 11 plea agreements. According to the terms of the agreements, the fines were supposed to be within the applicable Guidelines range of $2,000 to $20,000, pursuant to U.S.S.G. § 5E1.2(c)(3). The Tilmanns argue that the district court erred in imposing fines above the Guidelines range.
 
 
 6
 This Court recently held that, as with other claims, an appellant must present a claim of misapplication of the Guidelines in the district court before it can be addressed on appeal. United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Although the fines of $34,915 are above the Guidelines range of $20,000, this Court cannot review the district court's reasoning because appellant's counsel failed to object to the amount of the fines.
 
 
 7
 The government correctly argues that the Tilmanns failed to preserve the right to challenge the fines on direct appeal. According to the sentencing transcript, after the district court fined Mr. and Mrs. Tilmann, the court asked defense counsel whether he wished to state anything further for the record. In both cases, defense counsel stated that he had nothing further to say.
 
 B.
 
 8
 Mrs. Tilmann argues that, in light of her physical and mental problems, the district court should have departed downward from the six to 12-month Guidelines range. Under the Sentencing Guidelines, an appellant may appeal her sentence under limited circumstances contained in 18 U.S.C. § 3742. Among these limited circumstances are the imposition of a final sentence in violation of law as a result of an incorrect application of the Sentencing Guidelines, or the imposition of a final sentence which was plainly unreasonable. United States v. Draper, 888 F.2d 1100 (6th Cir.1989). In Draper, the court held:
 
 
 9
 "[a] sentence which is within the Guidelines and otherwise valid ... is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered ..."
 
 
 10
 Draper, 888 F.2d at 1105.
 
 
 11
 Mrs. Tilmann claims that the district court failed to take into account her physical and mental condition. This is an alleged failure of the district court to evaluate "certain factors which the appellant feels were not considered." Id. Therefore, because the appellant is asking this Court to hear an appeal for a set of circumstances which the Draper Court expressly stated were not appealable, this Court cannot consider the district court's failure to depart downward from the Guidelines range.
 
 
 12
 Even if this Court were to find that this issue was appealable, Mrs. Tilmann's claim would still fail. In support of her argument, Mrs. Tilmann cites Sentencing Guideline § 5H1.4 which states that one's physical condition is not often relevant in determining whether a sentence should be outside of the Guidelines, but that there is an exception for "extraordinary physical impairments". Mrs. Tilmann suffers from blindness in one eye, diabetes, migraine headaches, mental illness and obesity. In light of the case law of this Circuit, these ailments are not so severe as to support a downward departure from the Guidelines. For example, in United States v. Harpst, 949 F.2d 860 (6th Cir.1991), this Court reversed the district court's downward departure from the Guidelines, where the defendant suffered from suicidal tendencies and heart problems. The Court ruled that, in spite of his ailments, the defendant was able to serve a term of incarceration. Like the defendant in Harpst, Mrs. Tilmann has not presented any evidence suggesting that she could not serve a term of imprisonment.
 
 C.
 
 13
 Finally, Mrs. Tilmann claims that a comment made by the government was improper and prejudiced her at sentencing. During a discussion over Mrs. Tilmann's request for a downward departure, the government said:
 
 
 14
 I think the Guidelines support the government's position this is not a case of such extraordinary nature where a departure based on mental or physical or emotional condition is warranted.
 
 
 15
 If anything, I think the condition--the situation here is a smaller scale Leona Helmsley type thing where Mrs. Tilmann lived fairly high on the hog up until the time that all this was brought to light and her criminal problems were discovered. Then we have the onset of these problems or alleged problems.
 
 
 16
 Mrs. Tilmann claims that these statements were prejudicial and that they misled the district court in sentencing her.
 
 
 17
 According to the record, defense counsel did not object to the statement. Therefore, the standard of review is for plain error. Fed.R.Crim.P. 52(b). "Plain errors are limited to those harmful ones that so rank that they should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty, or public reputations of the trial." United States v. Causey, 834 F.2d 1277, 1281 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988). Therefore, this Court's review is simply "whether a manifest miscarriage of justice has occurred." United States v. Rigsby, 943 F.2d 631, 644 (6th Cir.1991), cert. denied, 112 S.Ct. 1269 (1992).
 
 
 18
 Under that standard, although the statement may have been inappropriate, it did not constitute a "manifest miscarriage of justice". The statement was made during the government's argument that the district court should not depart downward from the Guidelines. There is no evidence that the comment prejudiced the appellant, since the district court sentenced her at the low end of the guideline range.
 
 III.
 
 19
 For the foregoing reasons, we AFFIRM the sentences imposed by the Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan.